**YU FANG HUANG, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney**

General,[1] Respondent.

No. 07–1861–ag.

United States Court of Appeals,
Second Circuit.

Nov. 30, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Quyhn C. Bain, Senior Litigation Counsel, Surell Brady, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Yu Fang Huang, a native and citizen of the People's Republic of China, seeks review of an April 13, 2007 order of the BIA affirming the December 6, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Fang Huang,* No. A97 959 335 (B.I.A. April 13, 2007), *aff'g* No. A97 959 335 (Immig. Ct. N.Y. City Dec. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v.*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Michael B. Mukasey is automatically substituted for former United States Attorney General Alberto Gonzales as the respondent in this case.

*U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

We conclude that the IJ's adverse credibility determination was supported by substantial evidence. First, the IJ found that Huang became hesitant and evasive when she was asked about whether she had relocated to another province within China to avoid further mandatory gynecological examinations. Particular deference is given to such assessments of an applicant's demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 73–74. Moreover, because Huang has not challenged the IJ's demeanor finding, it stands as a proper basis for the IJ's adverse credibility determination. *See Majidi,* 430 F.3d at 81 n. 1.

Second, the IJ found that Huang testified inconsistently regarding whether cadres from Huang's village located her in another county or in her own county after denying her permission to relocate. Substantial evidence supports this finding of inconsistency because the record indeed reflects that Huang indicated at first that cadres located her in another county, but later Huang testified that cadres located her while she was attempting to relocate to another province. Huang is from Liangjiang County, which is located in Fujian Province. While Huang testified that she attempted to relocate to another *province,* she also answered "yes" when the IJ asked her whether the cadres had picked her up in another *county* during her attempt at relocation. Later, Huang denied testifying that the cadres had picked her up in another county. *See Zhou Yun Zhang,* 386 F.3d at 73. Accordingly, the IJ did not err by relying on this inconsistency in support of an adverse credibility determination.

Third, the IJ found that while Huang testified that she attempted to relocate to another province in order to avoid her mandatory gynecological examinations, in her asylum application Huang omitted this information. This omission is material and substantial because Huang's ability to relocate is potentially dispositive of the objective component of her claimed well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality"). Hence, the IJ did not err by relying on this omission to support the adverse credibility determination.

To the extent that Huang argues that the IJ's credibility findings were not substantial, her arguments are unavailing. Huang's claim is governed by the amendments made to the Immigration and Nationality Act by the passage of the REAL ID Act of 2005, Div. B of Pub.L. No. 109–13, 119 Stat. 302, 303 (2005). Under these amendments, the IJ is not required to find any nexus between inconsistencies and the "heart of the claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007). Here, taken together, the findings relied upon by the IJ provided ample support for the adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (in a pre-REAL ID Act case, finding that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder.").

Having called Huang's testimony into question, the IJ also properly found that Huang's failure to provide corroborative evidence, such as evidence showing that women over the age of eighteen are required to undergo gynecological examinations in Liangjiang County, rendered Huang unable to rehabilitate her testimo-

ny. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

We find that the IJ properly considered the "totality of the circumstances," including the discrepancies in Huang's testimony, her demeanor, and the lack of corroborating evidence, in finding that Huang failed to provide credible evidence to support her asylum claim. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J–Y–C–,* 24 I. & N. Dec. at 266.[2] Thus, we conclude that substantial evidence supports the IJ's adverse credibility determination. Because the only evidence of a threat to Huang's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on each of Huang's claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

2. We need not decide in this case whether the IJ's findings would support an adverse credibility determination were this case not governed by the REAL ID Act amendments. Nor do we express an opinion as to whether our holdings in cases such as *Secaida–Rosales v. INS,* 331 F.3d 297 (2d Cir.2003), control post-REAL ID Act cases.

